## M. A. ANDING v. R. LEVY.

1. AWARD. *Sect. 652, Code 1871. Evidence as part of report.*
Where an action pending in the Circuit Court for trial, has been, by consent of both plaintiff and defendant, referred to three referees under sect. 652 of the Code of 1871, which provides that, "All or any of the issues of an action, whether of fact or law, may be referred to one or more referees, not exceeding three, upon the consent of parties," the court cannot, in the absence of any charge of fraud, compel the referees to return the evidence adduced before them as a part of their report.

2. SAME. *Award, when conclusive. Judgment on award.*
An award made by referees under the statute above quoted is conclusive upon the parties, and the court which ordered the reference has no power to review the finding of the referees either on the law or the facts in the absence of fraud, and the judgment of the court follows upon the award as a legal consequence.

APPEAL from the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

A sufficient statement of the case will be found in the opinion.

*R. H. Thompson* and *A. C. McNair*, for the appellant.

1. We take it to be the correct practice to note the exceptions during the progress of the trial before the referees, and embody them in a bill of exceptions, that the action of the referees may be reviewed by the court to which they report. In fact, the Supreme Courts of the States of Minnesota and

Ohio have so decided. *City of Cincinnati* v. *Camero*n, 33 Ohio St. 336 ; *Elisha Rhoades* v. *John Siman et al.*, 24 Min. 192. If we are correct, then, as to this question of practice, it inevitably follows that the court should have responded to the inquiry of the referees as to whether the bill of exceptions returned by them into court should be considered as a part of their report or not, and should have considered the whole together. Of this there can be no doubt. The court refused to consider the bill of exceptions as a part of the report. In this we assert the court erred.

2. There is another question, and that is, — sect. 652, Code of 1871, standing alone, having no connection with sects. 653 and 654,— when the matter was referred to the referees did not the court lose jurisdiction of the case? Was there any authority for the report of the referees to the Circuit Court. This proceeding is statutory, and depends on the statute for its validity. The referees could do nothing but what sect. 652 authorized, and while it would necessarily empower the referees to act and decide the matter in issue, it could not authorize them to report the result of their finding to the Circuit Court, as no such power is given by the statute from which they derived their authority to act. We conceive that the remedy was by an action to enforce the award. For this reason we insist that the judgment of the Circuit Court confirming the report of the referees was and is *coram non judice* and void. *Morey* v. *Warrior Manufacturing Co.*, 90 Ill., 307.

*Sessions & Cassedy*, for the appellee.

At no stage in the progress of the case below was it ever claimed or intimated that there was any fraud or wrong in the conduct of the referees. The only complaint appears to be that the referees did not find for the defendant below. Even under sect. 653, where a reference is made on the application of only one party, the finding is conclusive, when confirmed, unless at the time of such reference the party not applying therefor may enter his dissent, in which event he

may have a rehearing by a jury — the report then to be only *prima facie* evidence. In other cases it is conclusive. A reference involves and necessitates a report and final action of the court which has thus delegated its powers under the statute, and the use of its process of execution to make the award effective ; so we deem it unnecessary to notice the suggestion by counsel that the award of the referees is final and that no report can be made ; but that an action must be brought on the award — a position somewhat inconsistent with that urged in the first part of counsel's brief, that a rehearing could be had before the court on bill of exceptions.

COOPER, J., delivered the opinion of the court.

While this case was pending in the lower court for trial, it was, by consent of both parties, referred to three referees under sect. 652 of the Code of 1871 (Code 1880, sect. 1723), which is as follows : "All or any of the issues of an action, whether of fact or law, may be referred to one or more referees, not exceeding three, upon the consent of the parties."

The referees returned an award in favor of the plaintiff, and with their award they returned a bill of exceptions signed by them, embodying all the evidence submitted to them. This they returned, not as a part of their award or report, but as they stated, because they were requested so to do by one of the parties, and they submitted to the court the question whether such evidence ought to be considered and taken as a part of their report.

The defendant, against whom the award was made, entered his motion in the court asking that the referees be compelled to return the evidence adduced before them as a part of their report, which motion was overruled by the court and a judgment entered upon the award. Appellant now assigns for error, first, the refusal of the court to compel the referees to return the evidence, and secondly, the action of the court in rendering judgment on the award.

The first assignment of error presents the question whether

the court had power to review the finding of the referees either on the law or the facts.

We are of opinion that it did not, but that the award was final and conclusive against the defendant.

Sect. 653 of the Code of 1871 (Code 1880, sect. 1724) provides for a reference on the application of either party, in suits in which matters of account are in controversy, and the referees in this class of. cases are to " state and report an account between the parties." Under this section either party may object to the reference at the time it is ordered, and enter his dissent upon the minutes of the court. If this be done, the party so objecting may demand a trial by jury, and upon such trial the report of the referees is *prima facie* evidence of all matters therein found and reported.

Sect. 654 (Code 1880, sect. 1725) provides that " either party who shall not demand a trial by jury, may file exceptions to the report of the referees, and the court shall hear and determine the same, and may set aside said report, and direct another reference to the same, or other referees."

Sects. 653 and 654 have reference solely to those cases in which the order of reference is made upon the application of one party, and in such cases the award is subject to review by the court. But sect. 652 contains no provision for a review by the court of the award made under its provisions. The referees appointed by the consent of both parties are the judges both of the law and the facts, and constitute a *quasi-*court, whose judgments are not subject to review by any other tribunal. In cases of fraud, the award might be attacked, but this rests upon altogether different principles than those which govern in cases where the judgments of inferior tribunals are examined by a higher one for the purpose of correcting mere errors of judgment.

There was no suggestion of fraud in the action of the referees, and the Circuit Court rightly refused to consider for any purpose the evidence adduced before them.

The second assignment of error is not well taken.

The cause was not withdrawn from the Circuit Court by the order of reference, but continued pending therein. The issues for trial were alone submitted to the referees; their award was a determination of these issues in a manner prescribed by law, and being so determined, the judgment of the court followed as a legal consequence, just as it would have followed a decision of the issues by the court, or by the jury, in its presence.

The judgment is affirmed.